## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARINA JOY BOYD,

       *Plaintiff,*

  vs.

ORIN HAYES BOYD, JR., et al.,

       *Defendants.*

Case No. 14-2484-EFM-JPO

## MEMORANDUM AND ORDER

May a child inherit ownership in a not for profit corporation founded by her parent, and sue for damages to that ownership?  Plaintiff Marina Boyd has filed suit against her brother, Orin Boyd, Jr., accusing him of embezzlement and other acts against the church their father founded. She alleges she is a beneficiary shareholder of the church because she inherited her father's shares. Orin Boyd, Jr. filed a motion to dismiss for lack of standing claiming the church has no authority to issue stock, and therefore arguing that Marina Boyd cannot possess either stock or interest in the corporation. In response, Marina Boyd failed to meet her burden to provide some sort of evidence or statement to support her alleged interest and prove to the court she has standing. Therefore, unsurprisingly, this Court concludes that Plaintiff does not own an interest in the not for profit corporation, therefore could not have damage to her interests in the corporation from the alleged acts of Defendant, and thus she does not have standing to pursue

this suit.  Because the Court does not have subject matter jurisdiction to hear this case, Defendant's motion to dismiss is granted.

## I.       Factual and Procedural Background

Orin Boyd, Sr. was president and founder of the corporation known as The Church of God in Christ, Inc. in Kansas City, Kan. Following his death, Orin Boyd, Jr. assumed his father's role as president and pastor. Marina Boyd has filed suit against her brother for committing embezzlement, perjury, fraud and theft against the church since he became president. Marina Boyd asks the court for two types of relief: a declaratory statement and four injunctions preventing Orin Boyd, Jr. from continuing to commit acts alleged in the complaint. In her complaint, Marina Boyd alleges that her interest in the church derives from her father's shares, stating, "Orin Hayes Boyd, Sr. was the sole owner of all the shares of the corporation until he died on May 24, 2014 and the shares succeeded to be divided equally between the six natural children."[1]

Orin Boyd, Jr. filed a motion to dismiss (Doc. 15), which alleges that the church is not for profit and has no authority to issue stock. He attached certified copies of the Articles of Incorporation, Amended Articles of Incorporation and Corporate Resolution identifying the Board of Directors to support his motion. Specifically, the Articles of Incorporation state, "The Corporation is not organized for profit" and "Stock: This Corporation shall not have authority to issue capital stock."[2] Marina Boyd then filed a response restating the same facts as in her complaint that she is a beneficiary shareholder (Doc. 20), but did not provide any evidence supporting her alleged interest or acknowledge Orin Boyd, Jr.'s documentation.

---

[1] Complaint, Doc. 1, p. 3.

[2] Def.'s Mot. Dismiss Doc. 15-1, p. 2.

## II.      Legal Standard

Article III of the U.S. Constitution limits the exercise of the federal judicial power to cases and controversies.[3] The doctrine of standing serves to identify those case and controversies that are appropriate for the judiciary to exercise its power. To satisfy Article III's standing requirements, a plaintiff must show:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.[4]

A motion to dismiss for lack of standing challenges the court's subject matter jurisdiction and it is treated as a motion under Federal Rule of Civil Procedure 12(b)(1).[5] Generally, Rule 12(b)(1) motions take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to the court's jurisdiction; or (2) a factual attack on the facts upon which subject matter jurisdiction is based.[6]

## III.      Analysis

Orin Boyd, Jr.'s motion to dismiss raises a factual challenge to the existence of Marina Boyd's standing. Specifically, Orin Boyd, Jr. claims Marina Boyd has no interest in the church and without an interest she has not suffered injury, and therefore has no standing.

---

[3] U.S. CONST. art. III, § 2.

[4] *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992)) (describing an "injury in fact" as an invasion of a legally protected interest).

[5] *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995).

[6] *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

Generally, the court "must accept the allegations in the complaint as true."[7] But in reviewing a factual attack, the court "may not presume the truthfulness of the complaint's factual allegations."[8] In a factual challenge under Rule 12(b)(1), "[the] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts."[9] When the court's jurisdiction is questioned, the court is "duty-bound" to demand proof of jurisdiction.[10] Once subject matter jurisdiction is challenged, the party claiming jurisdiction bears the burden of proof.[11]

Marina Boyd alleges she has an interest in the church as a beneficiary shareholder because her father was sole owner of all shares of the church, and when he died the shares were divided equally among his six children. However, Orin Boyd, Jr. attached to his motion a certified copy of the Articles of Incorporation which state, "This Corporation shall not have authority to issue capital stock."[12] This evidence implies that Marina Boyd's alleged interest in the church is implausible because she can't be a beneficiary shareholder if the church never had authority to issue stock. Once this Court's subject matter jurisdiction was challenged, it was Marina Boyd's burden to come forth with competent proof that she had standing.[13]

---

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

[11] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc*., 190 F.3d 1156, 1160 (10th Cir. 1999).

[12] Def.'s Mot. Dismiss Doc. 15-1, p. 2.

[13] *See United States ex rel. Hafter, D.O.*, 190 F.3d at 1160.

In a similar Seventh Circuit case, the court held that the district court was correct to conclude the plaintiff had failed to meet its burden of proof when it did not produce any evidence in response to defendant's challenge to plaintiff's standing.[14] The defendant had produced a letter in support of its motion indicating the plaintiff had sold and assigned all of its rights to another company, but the plaintiff offered nothing in response.[15]

Here, Orin Boyd, Jr. challenged Marina Boyd's standing when he produced exhibits stating the church has no authority to issue stock. Despite being on notice that her standing was being challenged, Marina Boyd did not acknowledge the documents or present any evidence to support her claim of an ownership interest other than restating that she is a beneficiary shareholder. The Court finds that Orin Boyd, Jr.'s undisputed document indicating the church has no authority to issue stock means that Marina Boyd can't be a beneficiary shareholder. Because Marina Boyd failed to produce any evidence of her ownership interest when challenged, she has not met her burden to prove standing and this Court does not have subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 15) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 27th day of April, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[14] *See Apex Digital, Inc.*, 572 F.3d at 445.

[15] *Id.* at 444-45.